UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL ALTIZER,   Case No. : 6:11-cv-1538-ORL-35-GJK
Plaintiff,

vs.

PENNCRO ASSOCIATES, INC.,
   a Pennsylvania corporation,

and
JOHN and JANE DOES I - III,
   Defendant(s)        /
                                   /

## COMPLAINT
**(Jury Trial Demand)**

### INTRODUCTION

1. This is an action for damages brought by an individual consumer, MICHAEL ALTIZER (hereinafter "MICHAEL ALTIZER" or "Consumer"), for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. This action arises from PENNCRO ASSOCIATES, INC 's (hereinafter, "PENNCRO ASSOCIATES") communications (i.e., telephone messages) to Plaintiff which violated : (1) § 1692e(11) because Defendant failed to disclose that it is a debt collector; and (2) § 1692d(6) because Defendant failed to meaningfully disclose its identity. Consumer seeks an award of statutory damages (in the maximum amount of $ 1,000.00), reasonable attorney's fees and costs jointly and severally against each of the Defendants.

2. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. " 15 U.S.C. § 1692(a). "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## I. **JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (i.e., in Seminole County, Florida) and the Defendants transact business here. Furthermore, Defendant PENNCRO ASSOCIATES placed at least one telephone call to Plaintiff in this District.

## **II. PARTIES**

5. Plaintiff, MICHAEL ALTIZER (hereinafter, "MICHAEL ALTIZER"), is a natural person who, at all times relevant, resided in Seminole County, Florida.

## **PENNCRO ASSOCIATES, INC.**

6. Defendant, PENNCRO ASSOCIATES, INC. (hereinafter "PENNCRO ASSOCIATES") is a corporation organized under the laws of the Commonwealth of Pennsylvania whose principal place of business is 95 James Way, Suite 113 in Southampton,

PA (18966)

7. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant PENNCRO ASSOCIATES but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants JOHN and JANE DOES I through III. (Defendants PENNCRO ASSOCIATES and JOHN and JANE DOES DOES I - III are hereinafter collectively referred to as the "Defendants").

8. Defendants PENNCRO ASSOCIATES, INC. and JOHN and JANE DOES I - III are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

9. Defendant PENNCRO ASSOCIATES, INC. is licensed as a "consumer collection agency" in the State of Florida by the Florida Office of Financial Regulation.

10. The principal purpose of the Defendant PENNCRO ASSOCIATES is the collection of debts using the mails and telephone.

11. Defendant PENNCRO ASSOCIATES regularly attempts to collect debts alleged to be due to another.

12. Defendants were acting as debt collectors with respect to the collection of the Alleged Account.

13. All acts of the individual (DOE) defendants described below were committed with the intent to collect the Alleged Account on behalf of defendant PENNCRO ASSOCIATES.

## MICHAEL ALTIZER

14. At all times material hereto, MICHAEL ALTIZER was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3).

## IV FACTUAL ALLEGATIONS

15. At all times material hereto, Bank of America was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

16. At all times material hereto, the alleged credit card account (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

17. The Alleged Account went into default before Defendant acquired any interest in the Account.

18. At some unknown time in the past, Bank of America directly or indirectly contracted with PENNCRO ASSOCIATES (or its successors in interest) for the purpose of collecting the afore described consumer debt.

19. As more particularly described below, commencing on or about October 6, 2010, Defendants left the following messages on Plaintiff's voice mail on or about the dates stated :

**October 6, 2010**

This message is for Michael T. Altizer. Please return the call to Bill Bates at 800-678-1826 ext 2652.

4

**October 8, 2010**

Hi, this message is for Michael Altizer. Please return the call to Alicia at 1-800-_____
[remainder of number was inaudible.]

**October 8, 2010**

Hi Michael Altizer. Contact the office Ralph Morris at 1-866-207-8184 ext 266. Again 1-866-207-8184 ext 266.

**October 11, 2010**

This message is for Michael Altizer. Please return the call to Karen Sampson 1-800- 678- 1826 ext 3671. Thank you.

**October 13, 2010**

This message is for Michael Altizer. Please return the call to Bill Bates 1-800-678-1826 ext 2652.

**October 14, 2010**

This message is for Michael Altizer. Please return the call to Bill Bates 1-800-678-1826 ext 2652.

**October 15, 2010**

Hi Michael Altizer. Contact the office of Ralph Smart 1-866-207-8184 ext 266.

**October 16, 2010**

This message is for Michael Altizer. Please return the call to Karen Sampson 1-800- 678- 1826 ext 3671. Thank you.

**October 19, 2010**

Hi this is a message for Michael Altizer. Contact the office of Ralph Smart at 1-866-207-8184 ext 2665

**October 19, 2010**

This message is for Michael Altizer. Please return the call to Bill Bates 1-800-678-1826 ext 2652.

**October 21, 2010**

This message is for Michael Altizer. Please return the call to Bill Bates 1-800-678-1826 ext 2652.

**October 22, 2010**

This message is for Michael Altizer. Please return the call to Linda Gutman at 866-307 8184 ext 2657. Good day.

**October 23, 2010**

This message is for Michael Altizer. Please return the call to Linda Gutman at 866-207-8184 ext 2657. Good day.

20. Defendant left similar or identical messages on other occasions. (Collectively, the "Telephone Messages"). Defendant the Telephone Messages from a numbers identified as (1)   215 - 876 - 6179 ;   (2)    877 - 612 - 5022 ;   and   (3)    866 - 207 - 8184.

21. The messages are "communications" as defined by 15 U.S.C. § 1692a(2).  See *Berg v. Merchs. Ass'n Colection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXI 94023 (S.D. Fla. Oct. 31, 2008).

22. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and/or failed to disclose Defendant's name.

23. All communications, including all of the Telephone Messages set forth in Paragraph No. 19 were made on behalf of Defendant PENNCRO ASSOCIATES.

24. All of Defendant PENNCRO ASSOCIATES's collection actions at issue in this matter occurred within one year of the date of this Complaint.

25. The statements made by Defendant PENNCRO ASSOCIATES INC. are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

26. MICHAEL ALTIZER has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

## V. COUNT I
### (Fair Debt Collections Practices Act)

27. Plaintiff MICHAEL ALTIZER repeats and re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. Defendants failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). See _Foti v. NCO Fin. Sys._, 424 F.Supp.2d 643, 646 (D.N.Y. 2006) and _Belin v. Litton Loan Servicing_, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006) and _Leyse v. Corporate Collection Servs._, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

29. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication

7

in the telephone messages in violation of 15 U.S.C. § 1692d(6).  See *Valencia v. The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008 (S.D. Fla., Sept. 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F.Supp.2d 1104 (D. Cal. 2005).

30. Defendants knowingly violated the Fair Debt Collection Practices Act. Upon information and belief, Defendant PENNCRO was, at all times relevant a member of ACA International ("ACA") and ACA provided numerous advisories, notices, or reminders of the law concerning communications with consumers through telephone messages prior to the events alleged in this Complaint. Defendant PENNCRO also received repeated notice that Defendants' collection techniques violate the Fair Debt Collection Practices Act through *at least* four (4) actions filed against Defendant PENNCRO by consumers who alleged similar violations to those alleged by MICHAEL ALITZER (e.g., failure to meaningfully identify Defendant or disclose that Defendant is a debt collector in telephone messages) prior to the events alleged in this Complaint.   See *Levin v. Penncro Associates, Inc.*, Eastern District of New York, Case No. 1:09-cv-00526-KAM-RML, filed February 9, 2009; *Loventhal v. Penncro Associates, Inc.*, District Court for the Northern District of Illinois (Eastern Division), Case No. 1:11-cv-05775, filed August 22, 2009; *Franklin v. Penncro Associates, Inc.*, Northern District of Illinois, Case No. 1:09-cv-06890, filed November 2, 2009; *Fiano v. Penncro Associates, Inc.*, District Court for the Southern District of Florida, Case No. 0:10-cv-61488-PCH, filed August 17, 2010.

WHEREFORE, Plaintiff MICHAEL ALTIZER requests that the Court enter judgment in favor of Plaintiff MICHAEL ALITZER and jointly and severally against Defendants PENNCRO ASSOCIATES, INC. and JOHN and JANE DOES I through III for :

8

A. Statutory damages (in the amount of $ 1,000) pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

Dated : SEPTEMBER 20, 2011.

*/s/ Donald E. Petersen*
DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice :   (407) 648-9050
Facsimile : N/A
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.           0776238
Attorney for the Plaintiff
MICHAEL ALTIZER